RECEIPT # 55064
AMOUNT $ 150
SUMMONS ISSUED Y-2
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. M
DATE 1-13-04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WILLIAM FREEMAN,<br>Plaintiff<br><br>v.<br><br>TREMONT HEALTH SERVICES, INC.<br>and ANDREW MITCHELL<br>Defendants | Civil Action No.<br><br>04 10075 NG |

## COMPLAINT

MAGISTRATE JUDGE Cohen

1. This is an action for breach of contract, more particularly for breach of the severance provisions of a written Employment Agreement and for breach of the terms of a Settlement Agreement. This is also an action for unfair and deceptive trade practices under M.G.L. c. 93A.

2. Plaintiff William Freeman ("Freeman") resides in the town of Pembroke, Plymouth County, Massachusetts.

3. Tremont Health Services, Inc. ("Tremont") is a Delaware corporation doing business in the Commonwealth of Massachusetts. Tremont was previously known as Tremont Medical, Inc.

4. Andrew Mitchell ("Mitchell") is President of Tremont.

5. On or about January 1, 2000 plaintiff Freeman entered into a written Employment Agreement with defendant Tremont. A true and accurate copy of the Employment Agreement is attached hereto as exhibit A.

6. From January 2000 until on or about July 7, 2000 plaintiff Freeman performed the duties of Vice President, Sales and Marketing, Software Product Division.

7. From January 2000 until on or about July 7, 2000 defendant Tremont paid plaintiff Freeman the Base Salary, Benefits and Bonus set forth in Section 2 of the Employment Agreement. Defendant Tremont, on or about September 21, 2000,

approved a Sales Commission Plan pursuant to article 2.7 of the Employment Agreement.

8. On or about July 7, 2000 Tremont promoted Freeman from the position of "Vice President, Sales and Marketing, Software Products Division" to "Vice President of Sales". The promotion changed the Employment Agreement by imposing additional responsibility on plaintiff Freeman and by increasing his Base Salary, Bonus and Commission. The promotion amended the Employment Agreement.

9. On or about June 7, 2001 Tremont notified plaintiff of a significant change in his position, status and authority within the company.

10. On June 7, 2001 plaintiff Freeman provided written notice to the company that the company's action in assigning him duties and responsibilities inconsistent with his position constituted a material adverse change in his position, status, authority and responsibilities pursuant to article 3.4 of the Employment Agreement.

11. Defendant Tremont was entitled to but did not cure the material adverse change within the time provided in the employment agreement.

12. On or about August 6, 2001 Tremont terminated Plaintiff's employment.

13. On or about August 7, 2001 Tremont notified Plaintiff that he was eligible for the "Compensation upon Termination provisions of your Employment Agreement dated January 1, 2000." A copy of the termination letter is attached hereto as Exhibit B.

14. The Employment Agreement, in article 4.7, required defendant Tremont to pay plaintiff Freeman his Base Salary through the date of his termination and a pro-rated portion of his Bonus.

15. Defendant Tremont paid plaintiff Freeman his Base Salary through the date of his termination.

16. Defendant Tremont failed and refused to pay plaintiff Freeman the Bonus, accrued vacation and commissions he earned through the date of termination.

17. On or about August 15, 2001 plaintiff Freeman made Demand in writing for the payments to which he was entitled under the Employment Agreement.

18. The Employment Agreement, in article 4.7, entitled plaintiff Freeman to receive a Severance Payment equal to his Base Salary for a period of fourteen (14) months and the "minimum allowable pro-rated annual Bonus".

19. Defendant Tremont paid plaintiff Freeman his bi-weekly Base Salary for the period August 6, 2001 through February 1, 2002 at the rate of $140,000.00 pre annum.

20. Defendant Tremont failed and refused to pay plaintiff the Bonus portion of the Severance Payment.

21. Defendant Tremont failed and refused to pay plaintiff the Base Salary portion of the Severance Payment after February 2, 2002.

22. On or about March 29, 2002 Freeman commenced an action in Massachusetts Superior Court seeking to enforce the provisions of his Employment Agreement.

23. Tremont removed the state court action to federal court. The action was recorded on the docket of the U.S. District Court for the District of Massachusetts as Freeman v. Tremont, Civ.A. No. 02-10757RGS.

24. On or about September 4, 2002 the parties entered into a Settlement Agreement and General Release. A copy of the Settlement Agreement and General Release is attached hereto as Exhibit C.

25. Tremont made the $5,000.00 payment specified in paragraph 2(a) of the Settlement Agreement.

26. Tremont made monthly payments of $36,000.00 under paragraph 2(b) of the Settlement Agreement.

27. On November 19, 2003 Freeman served Tremont with Notice of Default under paragraph 7 of the Settlement Agreement. A copy of the Notice of Default is attached hereto as Exhibit D.

## COUNT I
### Breach of Employment Agreement

28. The allegations contained in paragraphs 1-27 are incorporated herein by reference.

29. Freeman claims $144,716.41 damages representing $185,716.41 in damages due under the Employment Agreement less $41,000.00 paid by Tremont under the Settlement Agreement.

## COUNT II
### Breach of Settlement Agreement

30. The allegations contained in paragraphs 1-29 are incorporated herein by reference.

## COUNT III
### Unfair and Deceptive Trade Practice

31. The allegations contained in paragraphs 1-29 are incorporated herein by reference.

32. Upon information and belief Mitchell and Tremont have caused Tremont's assets to be transferred at a time when Tremont was insolvent and for less than fair consideration.

33. The actions of Mitchell and Tremont were fraudulent with respect to Freeman.

WHEREFORE, plaintiff William Freeman respectfully prays that the Court grant the following relief:

A. Enter judgment in his favor in the amount of judgment in the amount of $144,716.41, together with attorney's fees and costs of suit;

B. Enter an order avoiding the transfer of assets to the extent necessary to satisfy Freeman's claim;

C. Enter an order enjoining defendants from transferring any further Tremont assets;

D. Grant such further legal and equitable relief as the Court deems fitting and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES OF FACT RAISED BY THE PLEADINGS.**

Paul F. Kelly, Esq.
BBO#267000
Segal, Roitman & Coleman
11 Beacon Street, Suite 500
Boston, MA 02108
(617) 742-0208

Dated: January 13, 2004