UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILLIAM FREEMAN
Plaintiffs,
    v.                                                CA-04-10075-NG

TREMONT HEALTH SERVICES, INC.,
Defendants

## NOTICE OF DEFAULT

Upon application of the Plaintiff for an Order of Default for failure of the defendants, to plead or otherwise defend as provided by Rule 55(a) of the Federal Rules of Civil Procedure. Notice is hereby given that the named defendant have been defaulted this [18th] day of MAY, 2004.

(**counsel shall serve the notice of default on the defendant and submit a motion for default judgment/proposed order of judgment on or before 7/7/04. Failing to comply with this order will result in an entry of dismissal without further notice-see standing order)**

                                                                TONY ANASTAS
                                                                Clerk

                                                                By: s/Maryellen Molloy
                                                                Deputy Clerk

Dated:6/7/04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**WILLIAM FREEMAN**
Plaintiffs,

   v.

CA 04-10075-NG

**TREMONT HEALTH SERVICES, INC.,**
Defendants

## STANDING ORDER REGARDING
## MOTIONS FOR DEFAULT JUDGMENT

Gertner, District Judge

A Notice of Default has been issued to the defendant's in this action.

In anticipation of a Motion for Default Judgment being filed, it should be noted that this session has received numerous motions for default judgment which do not on their face comply with Fed. R. Civ. P. 55 principally because of the failure to provide affidavits (a) substantiating entitlement to the damages or remedy sought, (b) satisfying the Soldiers and Sailors Relief Act, and (c) demonstrating that no party against whom default is sought is an infant or incompetent person.

In an effort to deal with these procedural failings, certain procedural orders will apply in this session.  These orders represent an effort to prompt counsel to comply with the Rule regarding default judgment motions, expedite resolution of such motions and avoid the diversion of resources which individualized procedural orders dealing with particular cases require.

Accordingly, the following Standing ORDER Regarding Motions for Default

Judgment will be observed in this session:

l.      A party making a motion for default judgment shall comply with all the requirements of Fed. R. Civ. P. 55 particularly those related to filing of affidavits. The moving party shall also submit an appropriate form of order in the fashion of the draft order attached hereto as Appendix A. Such compliance shall be completed no later than 14 days after the filing of the motion itself;

2.      Within the 14-day period for compliance by the moving party, the party against whom default judgment is sought shall have an opportunity to file substantiated opposition to the default judgment motion and to request a hearing thereon;

3.      The Court will take up the motion for default judgment on the papers at the conclusion of the 14-day period. Should the motion for default judgment at that time fail to comply with Fed. R. Civ. P. 55, the motion will be denied with prejudice to any renewal of such motion within six months of the denial. Any renewed motion for default judgment may not include a request for interest, costs or attorneys' fees in the matter nor will such relief be granted on any renewed motion for default;

4.      Necessary and appropriate action with respect to this Standing ORDER shall be taken by the moving party within **30 days** of the date of the issuance of this ORDER **EXCEPT THAT IF THERE WOULD BE ANY REMAINING DEFENDANTS IN THE ACTION, NO MOTION FOR A DEFAULT JUDGMENT NEED BE FILED WITHIN THE 30 DAYS. A MOTION FOR DEFAULT JUDGMENT SHOULD BE FILED AT THE CONCLUSION OF THE ENTIRE CASE, AND NO DEFAULT JUDGMENT SHALL**

**ISSUE BEFORE THAT TIME UNLESS GOOD CAUSE IS SHOWN WHY A SEPARATE AND FINAL JUDGMENT SHOULD BE ENTERED EARLIER.** If for any reason the moving party cannot take necessary and appropriate action, that party shall file an affidavit describing the status of this case and show good cause why necessary and appropriate action with respect to this Standing ORDER cannot be taken in a timely fashion and further why this case should remain on the docket. **Failure to comply with this paragraph will result in the entry of dismissal of the moving party's claims for want of prosecution.**

By the Court,

s/Maryellen Molloy
Deputy Clerk

Dated: June 7, 2004

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

Plaintiff(s)

        v.        CIVIL ACTION NO.

Defendant(s)

**"PROPOSED"** FORM OF
DEFAULT JUDGMENT

    Defendant_____ having failed to plead or otherwise defend in this action and its default having been entered,

    Now, upon application of plaintiff and affidavits demonstrating that defendant owes plaintiff the sum of $_____; that defendant is not an infant or incompetent person or in the military service of the United States, and that plaintiff has incurred costs in the sum of $_____, it is hereby

    ORDERED, ADJUDGED AND DECREED that plaintiff recover from defendant _____ the sum of $_____, with interest as provided by law.

                                         _____
                                         Deputy Clerk

Dated:_____